IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| DONNA O. EPPS, | \* |
| Plaintiff, | \* |
| vs. | \* |
| | CASE NO. 3:05-CV-068 (CDL) |
| LOUISE WATSON, as Tax Commissioner of Madison County and Individually; and MADISON COUNTY, GEORGIA, | \* |
| Defendants. | \* |

O R D E R

Presently before the Court is Defendants' Motion to Set Aside Entry of Default in Error, or in the Alternative, to Set Aside Entry Default Entry for "Good Cause" (Doc. 43). For the following reasons, this motion is granted.

PROCEDURAL BACKGROUND

On August 10, 2005, Plaintiff Donna O. Epps filed a complaint asserting claims under 42 U.S.C. § 1983 and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq*. Plaintiff specifically alleged that Defendants terminated her employment with the Madison County Tax Commissioner's Office (1) in retaliation for asserting her First Amendment right to freedom of expression and (2) because of her age. Plaintiff further charged that Defendants deprived her of substantive and procedural due process rights. On September 21,

1

2005, in lieu of their responsive pleadings, Defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure Rule 12(b)(6). Plaintiff then moved to amend her complaint on November 4, 2005.

On May 25, 2006, the Court granted in part and denied in part Defendants' 12(b)(6) motion and granted Plaintiff's request to amend her initial complaint.[1] One of the Court's rulings was to deny qualified immunity on the § 1983 claims asserted against Defendant Watson in her individual capacity, and she filed a notice of immediate interlocutory appeal on June 13, 2006. That same day, this Court entered a consent order in which the parties agreed to stay discovery pending the resolution of Defendant Watson's appeal. On July 8, 2007, the Eleventh Circuit affirmed this Court's ruling on qualified immunity.[2] Defendants served Plaintiff with their first set of interrogatories and request for production of documents on July 25, 2007, and Plaintiff responded to these requests on August 28, 2007.

Defendant Watson and Defendant Madison County each filed their first responsive pleadings on September 20, 2007. The following day, September 21, 2007, Plaintiff applied for an entry of default against both Defendants. Plaintiff's attorney filed a declaration in support of this request, asserting that:

---

[1] Plaintiff has not, to date, filed her proposed amendment.

[2] The Court received the opinion and the record on August 24, 2007.

> Defendants . . . have not appeared in this action and have not answered or otherwise responded to the complaint within the time permitted by law. . . . The Defendants filed a pre-answer motion to dismiss, [on] which this Court ruled on May 25, 2006. Their timely answer was due on June 8, 2006. Defendants failed to answer. The Defendants sought appellate review of the Court's decision. . . . The matter was returned to the Court on August 24, 2007. The Defendants answer was due on September 10, 2007. The Defendants did not timely file their answer to this Court.

(Val Preda Decl. ¶ 2, Sept. 21, 2007.) On September 24, 2007, Defendants filed the presently pending motion to set aside the entry of default. In their motion, Defendants argue that: (1) the entry of default was not authorized in the first instance because neither Defendant failed to "plead or otherwise defend" the present lawsuit; and (2) in the alternative, there is "good cause" for setting aside the entry of default. *See* Fed. R. Civ. P. 55(a), (c).[3] Since the Court finds that good cause exists for setting aside the entry of default, Defendants' motion is granted.[4]

---

[3] Rule 55(c) also permits a court to set aside a default judgment "in accordance with Rule 60(b)," which permits a court to relieve a party from a final judgment if it finds "excusable neglect." "The excusable neglect standard that courts apply in setting aside a default *judgment* is more rigorous than the good cause standard that is utilized in setting aside an *entry of default*." *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990) (internal citations omitted) (emphasis added). Since a default judgment has not been entered in this case, the Court will only consider the merits of Defendants' motion under the "good cause" standard set by Rule 55(c).

[4] In this case, the issue of the Clerk's initial authorization to enter default turns on the correct interpretation of the "otherwise defend" language in Rule 55(a). Since a finding of good cause is dispositive of Defendants' motion, the Court need not decide whether Defendants' actions were sufficient to preclude the initial entry of default.

3

DISCUSSION

Federal Rules of Civil Procedure Rule 55(c) permits a court to set aside an entry of default "[f]or good cause shown." Good cause is a "mutable standard" that "is not susceptible to a precise formula," and it is therefore within a court's discretion to grant or deny a motion to set aside default. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (internal quotation marks and citations omitted). In the Eleventh Circuit, however, courts generally consider several common factors in determining whether a party has made the requisite showing of good cause: (1) "whether the default was culpable or willful"; (2) "whether setting it aside would prejudice the adversary"; (3) "whether the defaulting party presents a meritorious defense"; (4) "whether the public interest was implicated"; and (5) "whether the defaulting party acted promptly to correct the default." *Id.* "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." *Id.* at 951-52.

It is also important for a court to consider the general principle that "defaults are seen with disfavor because of the strong policy of determining cases on their merits." *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) (internal citations omitted). Because of this, any doubt as to whether a default should be granted or vacated "should be resolved in favor of a judicial

4

decision on the merits of a case[.]" *Blois v. Friday*, 612 F.2d 938, 940 (5th Cir. 1980).[5]

Defendants have shown good cause to set aside the Clerk's entry of default. First, there is no dispute that they "acted promptly to correct the [alleged] default." *See Compania Interamericana Export-Import*, 88 F.3d at 951. Second, although the parties do not address this factor, the entry of default clearly implicates the public interest because a judgment against Defendant Madison County, a municipal entity, will impact the Madison County taxpayers. Additionally, Defendants met their burden of asserting a meritorious defense.[6] Furthermore, setting aside the entry of default will not result in prejudice to Plaintiff. As Defendants contend, and Plaintiff does not dispute, this matter is in the early stages of initial discovery and Plaintiff agreed to stay the discovery pending

---

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[6] Plaintiff claims that Defendants failed to provide "more than general denials" of the allegations in her Complaint. (Pl.'s Br. in Resp. to Defs.' Mot. to Set Aside Entry of Default 9 [hereinafter Pl.'s Br.].) However, Defendants provided two sworn affidavits showing: (1) "Defendant Watson terminated Plaintiff because Plaintiff's acts disrupted the office dynamics and destroyed a close working relationship"; and (2) "Plaintiff was not covered under the Madison County's [sic] merit policy and [] Defendant Watson had sole authority to hire and fire the employees of the Tax Commissioner." (Defs.' Reply Br. in Supp. of Mot. to Set Aside Entry of Default 5.) The statements in these affidavits clearly deny (1) that Plaintiff was terminated for an impermissible reason and (2) that she was entitled to procedural due process. The Court finds these affidavits sufficient to meet Defendants' burden of asserting a meritorious defense to Plaintiff's due process, First Amendment, and age discrimination claims.

5

Defendant Watson's appeal. There is nothing about the procedural history of this case to indicate that Defendants' Answers caused Plaintiff prejudice.

Finally, it is clear that Defendants' default was neither culpable nor willful. *See Compania Interamericana Export-Import*, 88 F.3d at 951. Defendants timely filed a motion to dismiss, and the parties agreed to stay discovery pending Defendant Watson's appeal of the ruling on that motion. Following the Circuit Court decision on that appeal, Defendants participated in discovery and Plaintiff responded to Defendants' requests. In addition, both Defendants filed a responsive pleading prior to the request for, and entry of, default. Since the inception of this lawsuit, Defendants have continued to defend against Plaintiff's allegations.[7] Defendants did

---

[7]Plaintiff claims "there is evidence [throughout the docket that] the defendants' [sic] had knowledge of their lack of a proper answer before the Court." (Pl.'s Br. at 5.) She highlights the Scheduling/Discovery Order, entered November 8, 2005, as confirming "the defendants' affirmative duty to answer the complaint and their knowledge that such a defensive pleading was required." (*Id.*) Plaintiff also points out that Defendants "have been represented by counsel" and "are not incompetent nor are they infants." (*Id.*) She further alleges that the June 13, 2006 consent order only stayed discovery and did not alter Defendant Madison County's duty to serve a responsive pleading within ten (10) days of the May 25, 2006 ruling on its 12(b)(6) motion to dismiss. *See* Fed. R. Civ. P. 12(a)(4)(A). For all of these reasons, Plaintiff claims Defendants' failure to file a responsive pleading until September 20, 2007 amounted to a willful failure to defend in this action.

Defendants do not dispute their obligation to file responsive pleadings, but claim that they have continuously participated in the litigation of this lawsuit such that "[t]he filing of [their] Answers on September 20, 2007 can by no means be seen as a delaying tactic to gain some advantage over Plaintiff." ((Defs.' Br. in Supp. of Mot. to Set Aside Entry of Default in Error, or in the Alternative, to Set Aside Entry Default Entry for "Good Cause" 14 (footnote omitted).) To the extent Defendant Madison County mistakenly interpreted the consent order as a complete stay of these proceedings, the mistake cannot be construed as a

not willfully fail to "plead or otherwise defend" this lawsuit, *see* Fed. R. Civ. P. 55(c), and the Court finds good cause exists for setting aside the entry of default.

CONCLUSION

For the reasons stated herein, Defendants' Motion to Set Aside Entry of Default in Error, or in the Alternative, to Set Aside Entry Default Entry for "Good Cause" (Doc. 43) is granted. Consequently, the Clerk's Entry of Default, entered on September 21, 2007, is set aside.

IT IS SO ORDERED, this 3rd day of December, 2007.

S/Clay D. Land

CLAY D. LAND
U.S. DISTRICT JUDGE

---

willful failure to defend. Additionally, the September 20, 2007 filing date is exactly eighteen (18) days, excluding weekends and holidays, from the August 24, 2007 date on which this Court received the record from Defendant Watson's appeal. Although Plaintiff relies on Rule 12(a)(4)(A)'s ten day deadline, she did not request entry of default on September 10, 2007. Since Defendants' Answers preceded the request for entry of default, Defendants clearly intended to defend this lawsuit even before the Clerk made the entry of default.