IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

DONNA O. EPPS,                          *

    Plaintiff,                      *

vs.                                     *         CASE NO. 3:05-CV-68 (CDL)

LOUISE WATSON, as Tax                   *
Commissioner of Madison County
and Individually,                       *

    Defendant.                      *

O R D E R

Presently pending before the Court is the parties' Consent Motion to Stay Trial pending appeal of the Court's Order denying summary judgment to Defendant Watson on Plaintiff's First Amendment claim (Doc. 84).  As discussed below, the Court concludes that its denial of Watson's motion for summary judgment is not a final order that is immediately appealable.  Because an interlocutory appeal will create additional unwarranted delay in the resolution of this action, the Court denies the Consent Motion to Stay.  Moreover, the Court finds that Watson should have no reasonable expectation that the Court's summary judgment order is immediately appealable and thus her appeal at this time is frivolous.  Accordingly, her Notice of Appeal does not divest this Court of jurisdiction to proceed with the trial. *Cf. United States v. Dunbar*, 611 F.2d 985, 989 (5th Cir. 1980)(noting that notice of appeal does not divest district court of jurisdiction to proceed when appeal is frivolous).

BACKGROUND

This action was filed on August 10, 2005.  Watson filed a motion to dismiss based on qualified immunity, but the Court denied the motion because Plaintiff sufficiently alleged that Watson violated Plaintiff's First Amendment rights when Watson fired Plaintiff for supporting Watson's opponent in the 2004 Tax Commissioner's race. The Eleventh Circuit affirmed, finding that the law clearly established that a clerk with a limited and defined role need not have political loyalty to the Tax Commissioner. *See Epps v. Watson*, 492 F.3d 1240, 1245-46 (11th Cir. 2007).  Following discovery, Watson filed a motion for summary judgment, renewing her request for qualified immunity, contending that the evidence shows, as a matter of law, that Plaintiff was not merely a clerk with a limited and defined role but was actually Watson's second in command.[1]

In its Order on Watson's motion for summary judgment, the Court found that genuine issues of material fact exist as to whether political affiliation was an appropriate job requirement for working in the Madison County Tax Commissioner's Office.  (*See* Order on Motion for Summary Judgment, Doc. 79, at 17 [hereinafter Order on MSJ].)  The Court further found, based on the Eleventh Circuit's

---

[1]At the hearing on Watson's Motion for Summary Judgment, Watson's counsel did not dispute that Plaintiff pointed to sufficient evidence to create a genuine issue of material fact as to whether Plaintiff engaged in protected activity and whether Watson fired Plaintiff because of the protected activity.  The Court concurred that genuine issues of material fact exist as to whether Plaintiff was terminated because she supported Watson's opponent.  Therefore, the only remaining question for summary judgment purposes was whether Watson had an absolute right to fire Plaintiff because of that support.

opinion affirming the Court's Order denying Watson's motion to dismiss, that "Watson had fair notice when she fired Plaintiff that a clerk with a 'limited and defined role' need not have political loyalty to the Tax Commissioner." *Id.* (quoting *Epps*, 492 F.3d at 1245-46). Accordingly, the Court determined that Watson was not entitled to summary judgment based on qualified immunity because certain fact issues must be resolved before a final qualified immunity ruling can be made.

The Court subsequently scheduled the case for trial during a special January term. Watson appealed the Court's ruling denying her motion for summary judgment, and the parties seek to stay the trial until the Court of Appeals has considered Watson's appeal. *See* Fed. R. App. P. 8(a)(1) (requiring initial motion for stay pending appeal to be made in the district court).

## DISCUSSION

The Court recognizes that the qualified immunity defense is designed not only to protect government officials from individual liability when they have not violated clearly established law, but it is likewise intended to limit the unreasonable intrusion into their affairs through the litigation process. Thus, decisions on qualified immunity should be made when possible at the earliest opportunity, with the recognition that an erroneous denial of qualified immunity strips a government official of the protection intended under the law. However, the law is clear that not every denial of summary judgment on a qualified immunity defense is immediately appealable.

3

"[A] defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Johnson v. Jones,* 515 U.S. 304, 319-320 (1995); *see also Johnson v. Breeden*, 280 F.3d 1308, 1317 (11th Cir. 2002) ("Even at the summary judgment stage, not all defendants entitled to the protection of the qualified immunity defense will get it."). In the present action, the Court determined that genuine issues of material fact exist as to whether Watson is entitled to qualified immunity. The Court did not decide that Watson was or was not entitled to qualified immunity. The Court simply decided that to make the qualified immunity determination, genuine issues of material fact must be resolved by the factfinder. Therefore, summary judgment was not appropriate. The Supreme Court has made clear that this type denial of summary judgment is not immediately appealable. *Jones,* 515 U.S. at 319-320.

The protection of qualified immunity is only warranted at the summary judgment stage if the Defendants can "establish that there is no genuine issue of material fact preventing them from being entitled to qualified immunity." *Id.* "[I]f the evidence at the summary judgment stage, viewed in the light most favorable to the plaintiff, shows there are facts that are inconsistent with qualified immunity being granted, the case and the qualified immunity issue along with it will proceed to trial." *Id.* In other words, the Court must consider Plaintiff's "best case" and decide whether Defendants

4

committed a violation of clearly established law.   *Robinson v. Arrugueta*, 415 F.3d 1252, 1257 (11th Cir. 2005).

The Court found that Plaintiff's "best case" supported by the evidence is that Plaintiff's job involved limited objectives and duties defined by Watson, that Plaintiff was required to follow Watson's defined policies, that Plaintiff's duties were administrative and not policy-making, and that Plaintiff was not Watson's "alter ego."  Though Watson argued at summary judgment that Plaintiff was Watson's second in command, the pretrial record does not demand that conclusion *as a matter of law* because a jury could reasonably conclude that Plaintiff was simply a long-term employee with no decision-making authority and no more responsibility than any other employee.  (*See* Order on MSJ 15-16.)  Therefore, the Court found that under Plaintiff's "best case," political loyalty to Watson was not a valid job requirement for Plaintiff's employment in the Tax Commissioner's Office.  Furthermore, the Eleventh Circuit already concluded that it was clearly established when Watson fired Plaintiff that political loyalty is not a valid job requirement for a clerk with a limited and defined role.  *Epps*, 492 F.3d at 1245-46. Accordingly, the Court found that this issue cannot be decided as a matter of law; the facts must be decided by a jury.

The Court has not found that Watson is not entitled to qualified immunity.  The jury may very well find that Plaintiff's version of the facts is not true and that Plaintiff was more than a mere clerk with a limited and defined role.  In that case, Watson will be

5

entitled to qualified immunity.  However, because genuine issues of material fact exist, that determination is premature and cannot be made based upon the pretrial record.

CONCLUSION

The issue presently before the Court is not whether its ruling on Watson's motion for summary judgment was erroneous.  The issue is whether that ruling is immediately appealable.  Since the ruling denied summary judgment on the qualified immunity defense based upon the finding of genuine issues of material fact, it is clear that the ruling is not immediately appealable.  In light of the clearly established legal precedent on this issue, Watson has no reasonable expectation to believe that the ruling is immediately appealable. Notwithstanding Plaintiff's consent to a stay, the Court has a duty to the administration of justice, which requires the denial of unwarranted requests for delay.  Accordingly, the motion for a stay must be, and is hereby, denied.

The pretrial conference for this case remains scheduled for 11:00 A.M. on December 8, 2008 with the trial to begin at 9:00 A.M. on January 20, 2009.

IT IS SO ORDERED, this 17th day of November, 2008.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE